THE STATE, EX REL. WUNDERLY, *v.* SINE ET AL.

(No. 3723—Decided June 15, 1945.)

*Mr. Alexander S. Greenbaum,* for plaintiff.
*Mr. Roy E. Browne,* director of law, and *Mr. Nathan Koplin,* for defendants.

STEVENS, J. A petition in mandamus was filed originally in this court, seeking the issuance of a writ requiring defendants to pay to relator the payments alleged to be due him under the rules of the police

pension fund of the city of Akron, Ohio, in effect at the time his pension was granted.

The petition sets out that defendants are the duly constituted board of trustees of the police relief and pension fund of said city of Akron, and that John D. Currie, as director of finance of said city, is the custodian of said fund.

That the rules of the fund in effect on September 1, 1940, provided that a lieutenant of police should receive, as pension, upon retirement, $110 a month.

That on September 1, 1940, relator was retired on pension, and the board of trustees of said police relief and pension fund ordered that relator be paid out of said fund the sum of $110 a month thereafter.

That on February 16, 1945, defendants notified relator that further pension payments would be withheld from him.

That the acts on the part of defendants are arbitrary, unjust, and contrary to law.

For answer to plaintiff's petition, defendants admit their respective official capacities, and that on September 1, 1940, relator was duly placed upon the pension rolls of the police relief and pension fund of the city of Akron, Ohio, and was thereby eligible to receive thereafter $110 a month.

They further allege that relator, as the recipient of a pension from the city of Akron, is subject to such rules and regulations as are duly adopted by the board of trustees of the police relief and pension fund of said city.

That one of the rules and regulations duly adopted by the trustees of said police relief and pension fund on December 18, 1944, provided in part as follows:

"The board of trustees shall have the power to pay pensions, in whole or in part, to the families of those who are drawing pensions in case such pensioner neglects or refuses to properly provide and support his

or her family. Retired members or dependents, if found guilty of committing a felony or of such a course of conduct which is inimical to the public interest, shall upon a majority vote of the board of trustees be deprived of their pensions and shall forfeit all further claims on the pension or relief fund."

That on February 15, 1945, the board of trustees voted to withhold from Oscar Wunderly further pension payments pending an investigation of a written charge made by Lora Wunderly, wife of said Oscar Wunderly, that he had failed to contribute to her support since he was placed on the pension rolls on September 1, 1940.

Plaintiff has demurred to the answer of defendants on the ground that the answer is insufficient in law, in that it does not state a defense to the petition of plaintiff.

The chronology of this controversy is of importance.

On May 26, 1937, Section 4628-1, General Code, became effective. That section provides as follows:

"The granting of a pension to any person hereafter pursuant to the rules adopted by the trustees shall operate to vest a right in such person, so long as he shall remain the beneficiary of such pension fund, to receive such pension at the rate so fixed at the time of granting such pension."

In *State, ex rel. Lemperle,* v. *McIntosh,* 145 Ohio St., 107, at page 111, 60 N. E. (2d), 786, the Supreme Court stated:

"A pension, granted after the statute [Section 4628-1, General Code] took effect, is vested insofar as the power of the trustees is concerned. The provision deprives the trustees of power to take away or impair the right to a subsequently granted pension * * *."

On September 1, 1940, relator was placed upon the pension roll of the city of Akron, under the rules then in force.

On December 18, 1944, the rule hereinabove set out was promulgated by the board of trustees of said fund, and under that rule the relator's pension has been withheld.

In our opinion, the withholding of said pension payments because of the later-enacted rule of said board, is contrary to the interpretation placed upon Section 4628-1, General Code, by the Supreme Court of Ohio. Said rule, adopted after the accrual of relator's pension, which accrual was subsequent to the enactment of Section 4628-1, General Code, has no application to relator's right to receive his pension in accordance with the rules in effect at the time of its allowance.

Said rule being the only alleged justification for a withholding of the pension payments due relator, and said rule constituting no defense to relator's claim as stated in plaintiff's petition, it follows that the demurrer to defendants' answer must be sustained.

And defendants not desiring to plead further, it is ordered that a writ issue ordering defendants to pay to relator the payments due in accordance with his pension award.

Defendants to pay all costs herein.

*Writ allowed.*

DOYLE, J., concurs.
WASHBURN, P. J., not participating.