The State, ex rel. Ickes, Appellant, *v.* Slinger et al., Appellees.

(No. 2236—Decided October 21, 1946.)

*Messrs. Amerman, Mills, Mills, Jones & Mansfield,* for. appellant.

*Mr. Robert K. Willison,* for appellees.

P̣UTNAM, J.   The relator, appellant herein, is a retired policeman in the city of Massillon and the respondents, appellees herein, are the trustees of the police relief and pension fund.   The action was instituted in the court below by the relator to compel the respondents by a writ of mandamus to restore him to the pension rolls and to pay him certain monthly installments which had theretofore been withheld.   The respondents, by answer, set up certain rules and regulations in force at the time the pension was granted, which provided in substance that if the relator became gainfully employed at a salary exceeding $50 per month he would cease to be eligible for such pension during the time of such employment.   A demurrer was filed to the answer and overruled in the court below and the relator, not desiring to plead further, appeals to this court on questions of law.

The facts are not in dispute.   The sole question is

one of statutory interpretation and involves Section 4628-1, General Code. The facts as shown by the pleadings are as follows: The relator served as a patrolman in the employ of the city of Massillon from April 10, 1930, to April 30, 1945, at which time he resigned and was granted a pension under the rules and regulations of the police relief and pension fund. During the month of April 1946 relator was in the employment of a private corporation and received compensation therefor in excess of $50 per month. By reason of such employment the respondents, under the rules in force at the time the pension was granted, discontinued the pension during such period of employment. Rule 25, regulating the distribution of the fund, adopted November 3, 1942, some two and a half years prior to the relator's retirement, is as follows:

Rule 25, Sec. A.—"At any time after November 3, 1942, any member of the Massillon police department who becomes eligible to receive a pension from the police relief fund, other than a pension for disability, and who after receiving such pension becomes employed in any manner whatsoever so as to receive more than $50 per month for his services, shall forfeit all claims to said pension as long as this employment exists.

Sec. B—"Any member of the Massillon police department who applies for and receives a pension, other than a pension for disability, and who becomes employed and receives compensation of more than $50 per month for his services and who forfeits his right to receive said pension as long as said employment exists, shall at the end of such employment be restored to the same pension that he received before said employment was assumed. This restoration of pension is to become effective the day following the cessation of the other employment.

Sec. C—"Sections A and B of Rule 25 shall be in effect only as long as the base pay of patrolmen in the city of Massillon, Ohio, remains at or above $157.50 per month. At any time that the base pay for patrolmen in the city of Massillon, Ohio is less than $157.50 per month, Sections A and B of Rule 25 shall immediately become null and void."

Section 4628, General Code, provides as follows:

"Such trustees shall make all rules and regulations for distribution of the fund, including the qualifications of those to whom any portion of the fund shall be paid, and the amount thereof, with power also to give credit for prior continuous actual service in the fire department or in any other department of the city rendering service in fire prevention, but, no rules or regulations shall be in force until approved by a majority of the board of trustees." ·

Section 4628-1, General Code, provides as follows:

"The granting of a pension to any person hereafter pursuant to the rules adopted by the trustees shall operate to vest a right in such person, so long as he shall remain the beneficiary of such pension fund, to receive such pension at the rate so fixed at the time of granting such pension." (This section was effective May 26, 1937.)

It is to be noted that the vested right statute (Section 4628-1) and Rule 25 were both in effect at the time the relator was granted a pension.

The relator claims that the phrase "pursuant to the rules adopted by the trustees" can mean only the rules and regulations granting the pension and not rules and regulations that may modify it in any way under certain contingencies, irrespective of when the rules may have been passed.

Respondents maintain that the only rights which vest under such section are rights defined by the rules in force when the pension was allowed.

The Supreme Court has stated in the case of *State, ex rel. Lemperle,* v. *McIntosh,* 145 Ohio St., 107, at 111, 60 N. E. (2d), 786:

"A pension, granted after the statute took effect, is vested insofar as the power of the trustees is concerned. The provision deprives the trustees of power to take away or impair the right to a subsequently granted pension but does not affect the trustees' right to pass rules altering pensions previously granted. It cannot be denied that there are now two classes of pensioners, those whose pensions are gratuitous and those whose pensions are vested. This classification or distinction was created not by the rule but by the enactment of the vested-interest statute. Previous to its adoption certain pension rights were outstanding and subsisting, but subject to change by rule * * *."

In that case the court was considering a rule passed subsequent to the effective date of the vested interest statute but as applying to a person whose pension was granted prior to its passage. The court held it to be valid and applicable.

In the case of *State, ex rel. Wunderly,* v. *Sine,* 77 Ohio App., 275, 67 N. E. (2d), 131, the Court of Appeals for Summit county held that subsequent to the effective date of the vested interest statute, the trustees, after granting a pension, could not by a newly enacted rule deprive the recipient of his right to continue to receive the installments thereof.

The situation in the instant case is different from those above mentioned or cited by counsel in that the rule in question, though passed subsequent to the effective date of the vested interest statute, was in effect when relator was granted a pension.

A careful reading of that section (4628-1) shows that "pursuant to" modifies "granting." "Pursuant to" means "conformable to," "agreeable to," "in ac-

cordance with," "in conformity with." (35 Words & Phrases, 558.)

We cannot see that the granting "in conformity with" or "pursuant to" should apply to some rules and not to others then in force.

However, this "granting" shall operate to vest a right in such person. Is this unlimited? No. It is not until death, but qualified as to the time, "so long as he shall remain the beneficiary of such pension fund." How is it to be determined how long he shall remain a beneficiary? The only way is by rules and regulations in effect at the time. Those rules and regulations did stipulate the conditions under which he ceased to be a beneficiary, *viz.*, one who is entitled to benefits. The relator having knowledge of those rules by his own act placed himself within those conditions.

No question is made as to the reasonableness of the rules. If such a question were raised it seems to us that it has been answered in the *McIntosh case, supra.*

That statute is plain and unambiguous and the intention of the Legislature is clearly expressed. Under that statute any right that vests is circumscribed by the rules and regulations, reasonable and not arbitrary, in force at the time of the granting of the pension.

The answer stated a defense. The demurrer was properly overruled. The judgment is affirmed.

*Judgment affirmed.*

SHERICK, P. J., and MONTGOMERY, J., concur.