The State, ex rel. Boehnlein, Appellee, *v.* Poland et al., Appellants.

[Cite as State, ex rel. Boehnlein, v. Poland, 3 Ohio App. 2d 335.]

(No. 9431—Decided January 20, 1964.)

*Mr. Morris G. Sullivan,* for appellee.
*Mr. William A. McClain,* city solicitor, for appellants.

Long, J. This is an appeal on questions of law from a decision of the Court of Common Pleas of Hamilton County which issued a writ of mandamus directing respondents, Trustees of the Cincinnati Police Pension Fund, to make pension payments to relator.

Relator was a patrolman on the Cincinnati Police force from December 1, 1945, to January 26, 1956, when he was retired on a disability (a spinal injury), incurred in the line of duty as a policeman. At this time, after the usual thorough examination of the facts, medical and otherwise, he was awarded a pension of fifty per cent of his then salary. He received this pension for over five years. On November 30, 1961, the respondents reduced relator's pension to five dollars per month for the reason that it appeared that he earned some $10,000 in 1960 as an automobile sales manager, and $9,000 in 1961 as a credit investigator for a furniture company. Respondents' right to do this, they claim, arises by virtue of the statutes of Ohio, Section 741.49 (C), Revised Code, in such cases provided. The particular language upon which the trustees (respondents) rely is as follows: "The board my increase or decrease such monthly benefits whenever the impairment in the member's *earning capacity* warrants an increase or decrease." (Emphasis supplied.)

The difficulty in the case is presented by the definition which is to be placed on the words "earning capacity." It must be kept in mind that the pension granted relator in the first place was based on his *earning capacity as a policeman.* If that is the interpretation which was used in determining the original amount of pension, with what logic can we apply another definition for the purpose of reducing or increasing the pension by saying that his earning capacity, not as a policeman, but as an automobile salesman has increased over his earning capacity as a policeman?

We think, under the statutes, that the trustees' rights to increase or decrease the pension of a policeman, after once making an award, are limited to a determination of whether his *earning capacity as a policeman* has increased or decreased and that they may not consider what his income might be from any other sources. In other words, so long as the physical disability which occasioned the granting of his pension remains constant, his pension remains the same. Section 741.46 of the Revised Code provides as follows:

"The granting of a pension to any person pursuant to the rules adopted by the board of trustees of the police relief and pension fund vests a right in such person, so long as he remains the beneficiary of such fund, to receive such pension at the rate fixed at the time of granting the pension."

That statute states specifically that "so long as he remains the beneficiary of such fund," the pensioner is "to receive such pension at the rate fixed at the time of granting the pension." In the opinion of this court, so long as the pensioner's loss of earning capacity remains as a result of the debility which occasioned the granting of the original pension, "he remains the beneficiary of such fund."

In a similar suit, *State, ex rel. Wunderly,* v. *Sine,* 77 Ohio App. 275, the court stated:

"A pension which has been properly granted by the trustees of a police relief and pension fund since May 26, 1937, is a vested right, and the trustees cannot, after the granting of such a pension, adopt a rule which will deprive the recipient of his right to continue to receive the installments thereof."

The judgment of the court below is, therefore, affirmed.

*Judgment affirmed.*

HOVER, P. J., and HILDEBRANT, J., concur.